IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THEODORE GATES, JR., | § | |
| TDCJ-CID NO. 296599, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0493 |
| | § | |
| ACE 1 TOWING, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Theodore Gates, Jr., an inmate in the Travis County State Jail, has filed a 42 U.S.C. § 1983 suit against Ace 1 Towing Company, Houston Mayor Bill White, Houston Police Department (HPD) Chief Harold Hurtt, Sergeant M.V. Richard, and Lieutenant E.J. Siska for the tort of conversion. Gates has also filed an Application to Proceed In Forma Pauperis. The court will dismiss the complaint as frivolous.

Gates was arrested on February 12, 2008. He alleges that Sergeant Richard authorized Ace 1 Towing to impound his car. He also claims that Richard tagged the car's title and sent it to the HPD property room in order to deprive him of his car due to the difficulties in retrieving the title from the property room. Gates alleges that Ace refused to return the car to Gates' mother without the title. He claims that he notified Chief Hurtt and Mayor White of the deprivation but that neither official responded to his

request for help.   Gates asserts that Lieutenant Siska later informed him that the car had been auctioned to a third party. According to Gates, the car was sold in violation of state law requiring that a vehicle be held for at least 180 days before being auctioned.

Gates seeks $10,000.00 for actual damages due to the loss of the vehicle and the personal property inside it.  He also seeks $300,000.00 for unspecified personal injuries, punitive damages, mental anguish, and emotional damages.

To state a claim under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  Moore v. Willis Independent School Dist., 233 F.3d 871, 874 (5th Cir. 2000), citing Lefall v. Dallas Independent School District, 28 F.3d 521, 525 (5th Cir. 1994).  There is no cause of action if the plaintiff does not show that the alleged deprivation is fairly attributable to the state's involvement. Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).  An inmate's claim that the defendants deprived him of his property does not state a cause of action where the state provides a remedy.  Hudson v. Palmer, 104 S.Ct. 3194 (1984); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).

Gates alleges that Ace 1 Towing, a private company, wrongly impounded and sold his car.  His complaint against Ace has no legal

-2-

basis since Ace is a private company and not a state actor.  See
Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743 (5th Cir. 2001).
Although Sergeant Richard allegedly authorized the towing and
impoundment, Gates has not presented any facts indicating that the
act was illegal or that Richard knowingly violated Gates' rights.
See Combs v. City of Dallas, 289 Fed. Appx. 684, 687 (5th Cir.
2008).  If Richard's actions were illegal, Gates would still be
unable to assert a federal civil rights claim because he could
instead seek relief by filing an action for conversion in an
appropriate Texas state court.  Id.

     With regard to the remaining defendants, Mayor White, Chief
Hurtt, and Lieutenant Siska, Gates fails to assert facts showing
that they were personally involved in the alleged wrongful taking
of his property.  He cannot establish a civil rights claim against
persons with whom he has had no direct contact and who are only
tangentially involved due to the actions of their subordinates.
Anderson v. Pasadena Independent School Dist., 184 F.3d 439, 443
(5th Cir. 1999).  See also Eason v. Thaler, 73 F.3d 1322, 1327 (5th
Cir. 1996) ("There is no respondeat superior liability under
section 1983.").  Gates' dissatisfaction with White's, Hurtt's, and
Siska's responses to his complaints does not support an actionable
claim.  See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

     Apart from failing to assert any actionable claim, Gates'
complaint is baseless because he seeks legal relief for emotional

harm that he allegedly suffered as a result of the loss of his property.   Under the terms of the Prison Litigation Reform Act (PLRA), Gates is precluded from recovering emotional or mental damages where he cannot assert any physical injury.   Herman v. Holliday, 238 F.3d 660 (5th Cir. 2001).   There is no legal basis to Geiger's damages claim for mental anguish he allegedly suffered due to property taken while he was in custody.   See Geiger, 404 F.3d at 374.

Gates filed this action while he was incarcerated pursuant to a state felony conviction.   He has also filed an Application to Proceed In Forma Pauperis.   Consequently, his complaint is subject to the provisions of 28 U.S.C. § 1915A as well as 28 U.S.C. § 1915(e).   See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). This action is frivolous because it has no legal basis.   Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

Gates' Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.   However, Gates is **ORDERED** to pay the entire filing fee as soon as funds become available.   28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund is **ORDERED** to withdraw $12.00 from Gates' inmate trust account (#556329) and forward the funds to the Clerk.   Thereafter, the TDCJ-CID Inmate Trust Fund shall deduct 20% of each deposit made to Gates' inmate trust account and forward the funds to the Clerk on a regular basis in compliance with 28 U.S.C. § 1915(b)(2) until the entire fee ($350.00) has been paid.

## Conclusion

The court **ORDERS** the following:

1.    Plaintiff's Complaint Under the Civil Rights Act,
      42 U.S.C. § 1983 (Docket Entry No. 1), is **DISMISSED**
      as frivolous.   28 U.S.C. § 1915(e); 28 U.S.C.
      § 1915A.

2.    The Application to Proceed In Forma Pauperis
      (Docket Entry No. 2) is **GRANTED.**

3.    The Texas Department of Criminal Justice -
      Institutional Division Inmate Trust Fund is **ORDERED**
      to collect the filing fee and forward it to the
      Clerk as provided in this Memorandum Opinion and
      Order.

4.    The Clerk is directed to provide a copy of this
      Memorandum Opinion and Order to the parties; the
      TDCJ - Office of the General Counsel, P.O. Box
      13084, Austin, Texas 78711, Fax Number 512-936-
      2159; the Pro Se Clerk's Office for the
      United States District Court, Eastern District of
      Texas, Tyler Division, 211 West Ferguson, Tyler,
      Texas 75702; and Arturo Michel, Houston City
      Attorney, 900 Bagby Street, 4th Floor, Houston,
      Texas 77002.

**SIGNED** at Houston, Texas, on this the 4th day of March, 2009.

_____
                    SIM LAKE
          UNITED STATES DISTRICT JUDGE